1

2

3

4

5

6

7

8

9

10

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

11

MORGAN JAMES KANE,                                  1:08-cv-00771-WMW (HC)

12

        Petitioner,

13

vs.                                                          ORDER OF TRANSFER

14

STEVE MOORE, Warden, et al.,

15

        Respondents.

16

_____/

17

     Petitioner, a state prisoner proceeding pro se, has filed a habeas corpus action pursuant to 28

18

U.S.C. § 2254, in which he challenges a decision reached by the Board of Prison Terms regarding

19

his suitability for parole.  Petitioner has paid the $5.00 filing fee for this action.

20

     The federal venue statute requires that a civil action, other than one based on diversity

21

jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants

22

reside in the same state, (2) a judicial district in which a substantial part of the events or omissions

23

giving rise to the claim occurred, or a substantial part of the property that is the subject of the action

24

is situated, or  (3) a judicial district in which any defendant may be found, if there is no district in

25

which the action may otherwise be brought." 28 U.S.C.  §  1391(b).

26

     In a habeas matter, venue is proper in either the district of conviction or the district of

27

confinement.  28 U.S.C. § 2241(d).  Where a petitioner attacks the execution of his sentence, the

28

-1-

1   proper forum in which to review such a claim is the district of confinement.  See Dunn v. Henman,

2   875 F.2d 244, 249 (9th Cir. 1989) (stating, in a 28 U.S.C. § 2241 action, that "[t]he proper forum to

3   challenge the execution of a sentence is the district where the prisoner is confined.").

4        In this case, petitioner was sentenced in Fresno County Superior Court, which is located

5   within the Fresno Division of the Eastern District of California.  He is currently incarcerated at

6   Deuel Vocational Institution, in San Joaquin County, which is part of the Sacramento Division of the

7   United States District Court for the Eastern District of California.  Because the instant petition is

8   premised on events relating to Petitioner's parole proceedings, the court construes it as a challenge to

9   the execution of petitioner's sentence, as opposed to an attack on the conviction itself.  Thus, this

10  matter should be addressed in the forum where petitioner is confined.  Therefore, the petition should

11  have been filed in the Sacramento Division of the Eastern District of California.  Pursuant to Local

12  Rule 3-120(b), a civil action which has not been commenced in the proper court may, on the court's

13  own motion, be transferred to the proper court.

14       Good cause appearing, IT IS HEREBY ORDERED that:

15       1.  This action is transferred to the United States District Court for the Eastern District of

16  California sitting in Sacramento; and

17       2.  All future filings shall reference the new Sacramento case number assigned and shall be

18  filed at:

19                     United States District Court
                       Eastern District of California
20                     501 "I" Street, Suite 4-200
                       Sacramento, CA 95814
21
    IT IS SO ORDERED.
22
    **Dated:    June 5, 2008**                    /s/  **William M. Wunderlich**
23                                          UNITED STATES MAGISTRATE JUDGE

24

25

26

27

28
                                            -2-